ORDERED.

Dated: November 23, 2016

_____
Jerry A. Funk
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

In re:                                              CASE NO: 3:14-bk-5860-JAF

JOHN DOYLE,                                         CHAPTER 11

Debtor.

_____/

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This case came before the Court upon the Motion to Determine Secured Status of Secured Claim 1 of Old Ponte Vedra Beach Condominium Association, Inc. and Strip Lien Effective Upon Discharge (Class 8 of the Plan) (the "Motion") (Doc. 68). Old Ponte Vedra Condominium Association, Inc. (the "Association") filed an objection to the Motion. On October 4, 2016, the Court conducted a hearing on the Motion and elected to take the matter under advisement. Upon the stipulated facts and the applicable law, the Court makes the following Findings of Fact and Conclusions of Law.

### Findings of Fact

Debtor owns real property located in St. Johns County, Florida and described as:

Unit 128, OLD PONTE VEDRA BEACH CONDOMINIUM, according to Declaration of Condominium, as recorded in Official Records Book 721, page 155, of the Public Records of St. Johns County, Florida, together with all amendments thereto – Street Address of 128 Hammock Way, Ponte Vedra Beach, Florida 32082. (the "Property"). The Declaration of Condominium is recorded in official records book 721, pages 155, et seq., together with all amendments thereof, of the current public records of St. Johns County, Florida (collectively the "Declaration"). The parties agree to the admission of pages 1 and 21-25 of the Declaration.

The Association filed its Claim of Lien dated February 8, 2010, which was recorded in Official Records Book 3285, page 1245, of the public records of St. Johns County, Florida. The parties agree to the admission of the February 8, 2010 Claim of Lien. The Association commenced its foreclosure action to foreclose its Claim of Lien on March 17, 2010. The Parties agree to the admission of proof of claim # 1 filed by the Association in the amount of $67,485.02.

The Property is a single family residential dwelling and is the Debtor's principal residence and was so on the date the Chapter 11 Petition was filed, December 3, 2014 (the "Petition Date"). The market value of the Property was $446,000.00 as of the Petition Date. The Parties agree to the admission of the appraisal obtained by Debtor dated August 15, 2016.

The Property is encumbered by a first mortgage lien of Wells Fargo in the amount of $695,210.45 as of the Petition Date. The Parties agree to the admission of proof of claim # 7 filed by Wells Fargo. The secured lien of the Association is second in priority after the first mortgage of Wells Fargo. The secured lien of the Association is limited to the Debtor's principal residence.

## Conclusions of Law

A condominium association lien, based upon a pre-petition assessment, which encumbers a debtor's principal residence can be stripped off in a Chapter 13 case where the amount of the first mortgage exceeds the value of the condominium. In re Plummer, 484 B.R. 882, 890 (Bankr. M.D. Fla. 2013). In Plummer the court noted that 11 U.S.C. § 1322(b)(2) provides that a Chapter 13 plan cannot modify the rights of holders of secured claims secured only by a security interest in the debtor's principal residence. Id. at 887. The court pointed out that while the Supreme Court in Nobelman[1] made clear that § 1322 cannot be used to modify a secured claimant's rights where any portion of the claim is secured by the debtor's principal residence, the Eleventh Circuit in Tanner[2] held that Nobelman's holding does not extend to wholly unsecured homestead mortgages. Id. at 887-88. As a result, a Chapter 13 debtor can strip off a wholly unsecured lien on his principal residence. Id. at 888. The court found that the condominium association's lien in the case before it was entirely subordinate to the first mortgagee's lien, which exceeded the value of the condominium. Id. Accordingly, the court held that the condominium association's lien could be stripped off. Id. at 890.

The language in § 1123(b)(5) is identical to the language in § 1322(b)(2); it provides that a Chapter 11 plan cannot modify the rights of holders of secured claims secured only by a security interest in the debtor's principal residence. Despite the identicalness of the two provisions, the Association argues that § 1123(b)(5) precludes Debtor from stripping down its lien. The Association points to In re Cady, 2015 WL 631359 (Bankr. M.D. Fla. Jan. 27, 2015) and In re

---

[1] Nobelman v. Am. Sav. Bank, 508 U.S. 324, 329-30 (1993).
[2] Tanner v. FirstPlus Fin., Inc. (In re Tanner), 217 F.3d 1357, 1358 (11th Cir. 2000).

Silva, 2010 WL 431771 (Bankr. S.D. Fla. Feb. 2, 2010). In Cady the individual Chapter 11 debtors' mortgagee held a secured claim of over $700,000 on a property the debtors asserted was worth $300,000.00. Id. at *1. The debtors sought to value the property, arguing that § 1123(b)(5) did not apply because a portion of the property was used as a home office. Id. The court found that the property was the debtors' principal residence and § 1123(b)(5) therefore prevented them from modifying the mortgagee's secured claim. Id. at *5.

In Silva the individual Chapter 11 debtors' mortgagee held a secured claim on their principal residence which allegedly exceeded the value of the property. Silva, 2010 WL 431771 at *1. The debtors sought to value the property, arguing that the exception to § 1322(b)(2) set forth in § 1322(c)(2)[3] should be applied in their Chapter 11 case. Id. at *2. Noting that Chapter 11 contains no corresponding exception, the court found that the debtors were precluded by § 1123(b)(5) from modifying the claim on their principal residence. Id.

While the courts in Cady and Silva held that the respective debtors could not modify mortgages on their principal residence because of § 1123(b)(5), both cases involved an attempt to value an undersecured first mortgage on a principal residence. The instant case is an attempt to strip off a condominium association's lien which is subordinate to the first mortgagee's lien, which exceeds the value of the Property. Accordingly, the decisions in Cady and Silva are inapposite and provide no guidance to the Court on the issue before it. The Court finds the reasoning in Plummer persuasive and applicable to an individual Chapter 11 case. The Court holds that because the Association's lien which is based on pre-petition assessments is second in priority to Wells Fargo's first mortgage, which exceeds the value of the Property, the Association's lien can be stripped off.

4

## Conclusion

A condominium association lien, based upon a pre-petition assessment, which encumbers a debtor's principal residence can be stripped off in a Chapter 11 case where the amount of the first mortgage exceeds the value of the condominium. The Court will enter a separate order consistent with these Findings of Fact and Conclusions of Law.

---

[3] Section 1322(c)(2) provides that "[n]otwithstanding subsection (b)(2) and applicable nonbankruptcy law--in a case in which the last payment on the original payment schedule for a claim secured only by a security interest in real property that is the debtor's principal residence is due before the date on which the final payment under the plan is due, the plan may provide for the payment of the claim as modified pursuant to section 1325(a)(5) of this title."